# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| PETRO FRANCHISE SYSTEM, LLC, et al, | ) |
| Plaintiffs, | ) |
| v. | ) No. EP-08-CV-0387-KC |
| ALL AMERICAN PROPERTIES, INC., et al, | ) |
| Defendants. | ) |

## DEFENDANTS' AMENDED ANSWER

Defendants All American Properties, Inc. and the Chelednik Family Trust, for their answer to Plaintiffs' Amended Complaint, admit, deny and allege as follows:

1. Paragraphs 1 through 5 of the Amended Complaint state conclusions and allege matters which require neither an admission nor denial on Defendants' part. Defendants, however, deny the allegations therein to the extent necessary.

2. Answering paragraph 6 of the Amended Complaint, Defendants admit the Court has jurisdiction over the subject matter of this action. The balance of the allegations in paragraph 6 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

3. Defendants All American Properties, Inc. admits the allegations in paragraph 7 of the Amended Complaint. Defendant the Chelednik Family Trust denies the allegations in paragraph 7.

4. Defendants deny the allegations in paragraph 8 of the Amended Complaint.

5. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraphs 9 and 10 of the Amended Complaint, and therefore deny the same.

6. Answering paragraph 11 of the Amended Complaint, Defendant All American Properties, Inc. admits that it is a Pennsylvania corporation, and that it is a franchisee of Breezewood. Defendant denies the balance of the allegations in paragraph 11.

8. Answering paragraph 12 of the Amended Complaint, Defendant the Chelednik Family Trust admits that it is a trust organized under New York law, and that it entered into a Guaranty with Petro Stopping Centers, L.P. on or about November 29, 2007. Defendant otherwise denies the allegations in paragraph 12.

9. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraphs 13 through 20 of the Amended Complaint, and therefore deny the same.

10. Answering paragraph 21 of the Amended Complaint, Defendants admit that All American Plazas, Inc. entered into a Franchise Agreement with Petro Stopping Centers, L.P., the terms of which speak for themselves and are the best evidence of the parties' agreement. Defendants admit that Exhibit 1 to the Original Complaint appears to be a true and correct copy of the Franchise Agreement.

11. Paragraphs 22 through 34 of the Amended Complaint state legal conclusions. Defendants allege that the terms of the Franchise Agreement All American Properties Plazas, Inc. entered into with Petro Stopping Centers, L.P., speak for themselves and are the best evidence of the terms of the parties' agreement.

12. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint, and therefore deny the same.

13. Paragraph 36 of the Amended Complaint states a legal conclusion. Defendants allege that the terms of the Franchise Agreement All American Plazas, Inc. entered into with Petro Stopping Centers, L.P., speak for themselves and are the best evidence of the terms of the parties' agreement.

14. Answering paragraph 37 of the Amended Complaint, Defendants admit that All American Plazas, Inc. entered into a Franchise Agreement with Petro Stopping Centers, L.P., the terms of which speak for themselves and are the best evidence of the parties' agreement. Defendants admit that Exhibit 2 to the Original Complaint appears to be a true and correct copy of the Franchise Agreement.

15. Paragraphs 38 through 48 of the Amended Complaint state legal conclusions. Defendants allege that the terms of the Franchise Agreement that All American Plazas, Inc. entered into with Petro Stopping Centers, L.P., speak for themselves and are the best evidence of the terms of the parties' agreement.

16. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraph 49 of the Amended Complaint, and therefore deny the same.

17. Paragraph 50 of the Amended Complaint states a legal conclusion. Defendants allege that the terms of the Franchise Agreement that All American Plazas, Inc. entered into with Petro Stopping Centers, L.P., speak for themselves and are the best evidence of the terms of the parties' agreement, and therefore denies the same.

18. Answering paragraph 51 of the Amended Complaint, Defendants admit that the Chelednik Family Trust entered into a Guaranty with Petro Stopping Centers, L.P. on or about November 29, 2007, the terms of which speak for themselves and are the best evidence of the parties' agreement. Defendant admits that Exhibit 3 to the Original Complaint appears to be a true and correct copy of the Guaranty.

19. Answering paragraph 52 of the Amended Complaint, Defendants admit that, on or about January 28, 2008, Petro Stopping Centers, L.P. sent correspondence to All American Plazas, Inc. and All American Properties, Inc. regarding the two Franchise Agreements. Defendants otherwise deny the allegations in paragraph 52 of the Amended Complaint.

20. Paragraph 53 of the Amended Complaint states a legal conclusion. Defendants admit that Petro Stopping Centers, L.P. and All American Plazas, Inc. and All American Properties, Inc. entered into a Confidential Settlement Agreement and Mutual Release, the terms of which speak for themselves and are the best evidence of the parties' agreement.

21. Defendants do not have sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 54 of the Amended Complaint, and therefore deny the same.

22. Answering paragraph 55 of the Amended Complaint, Defendants admit that a law firm representing Petro Stopping Centers, L.P. sent the correspondence attached to the Original Complaint as Exhibits 4, 5, 6, and 7, the contents of which speak for themselves.

23. Paragraph 56 of the Amended Complaint states a legal conclusion. To the extent necessary, Defendants deny the allegations in paragraph 56.

24. Paragraph 57 of the Amended Complaint states a legal conclusion. To the extent necessary, Defendants deny the allegations in paragraph 57.

25. Answering paragraph 58 of the Amended Complaint, Defendants admit that, on or about September 2, 2008, a law firm representing Petro Stopping Centers, L.P. sent the correspondence attached to the a law firm representing Petro Stopping Centers, L.P. sent the correspondence attached to the Complaint as Exhibits 8 and 9, the contents of which speak for themselves.

26. Answering paragraph 59 of the Amended Complaint, Defendants deny that Plaintiffs had the right to terminate the franchise, and therefore admit that All American Plazas, Inc. and All American Properties, Inc. did not confirm the termination of their respective franchises.

27. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 60 and 61 of the Amended Complaint, and therefore deny the same.

28. Defendants deny the allegations in paragraphs 62 and 63 of the Amended Complaint.

29. Answering paragraph 64 of the Amended Complaint, Defendants admit that the Court entered a preliminary injunction, the terms of which speak for themselves.

30. Answering paragraph 65 of the Amended Complaint, Defendants admit that upon entry of the preliminary injunction they undertook to comply with the terms of the same and removed Petro signage, and that All American Properties, Inc. subsequently entered into a franchise agreement with an affiliate of Pilot. Defendants otherwise deny the allegations in paragraph 65.

31. Answering paragraph 66 of the Amended Complaint, Defendants admit that on or about April 22, 2009, Petro sent correspondence to All American Properties, Inc., and allege that

the terms of the letter speak for themselves. Defendants otherwise deny the allegations in paragraph 66.

32. Defendants deny the allegations in paragraphs 67 and 68 of the Amended Complaint.

33. Answering paragraph 69 of the Amended Complaint, Defendants deny that they have knowledge of Plaintiff's current operating systems or their current operational or marketing policies. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraph 69, and therefore deny the same.

37. Defendants deny the allegations in paragraph 70 and 71 of the Amended Complaint.

38. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 72 through 75 of the Amended Complaint, and therefore deny the same.

39. Defendants deny the allegations in paragraphs 76 and 77 of the Amended Complaint.

40. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 78 through 81 of Amended Complaint, and therefore deny the same.

41. Defendants deny the allegations in paragraphs 82 and 83 of the Amended Complaint.

42. Paragraph 84 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

43. Paragraph 85 of the Amended Complaint states a legal conclusion. Defendants, moreover, do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint, and therefore deny the same.

44. Defendants deny the allegations in paragraphs 86 through 91 of the Amended Complaint.

45. Paragraph 92 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

46. Paragraphs 93 and 94 of the Amended Complaint state legal conclusions. Defendants, moreover, do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 93 and 94 of the Amended Complaint, and therefore deny the same.

47. Defendants deny the allegations in paragraphs 95 through 100 of the Amended Complaint.

48. Paragraph 101 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

49. Paragraph 102 of the Amended Complaint states a legal conclusion. Defendants, moreover, do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 of the Amended Complaint, and therefore deny the same.

50. Defendants deny the allegations in paragraphs 103 through 107 of the Amended Complaint.

51. Paragraph 108 of the amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

52. Paragraphs 109 and 110 of the Amended Complaint state legal conclusions. Defendants, moreover, do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 109 and 110 of the Amended Complaint, and therefore deny the same.

53. Defendants deny the allegations in paragraphs 111 through 114 of the amended Complaint.

54. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115 of the Amended Complaint, and therefore deny the same.

55. Defendants deny the allegations in paragraphs 116 through 125 of the Amended Complaint.

56. Paragraph 126 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

57. Defendants deny the allegations in paragraphs 127 and 128 of the Amended Complaint.

58. Paragraph 129 of the Amended Complaint states a legal conclusion. Defendants, moreover, do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129 of the Amended Complaint, and therefore deny the same.

59. Defendants deny the allegations in paragraphs 130 through 131 of the Amended Complaint.

60. Paragraphs 133 and 134 of the Amended Complaint allege matters which require neither an admission nor denial on Defendants' part.

61. Defendants deny the allegations in paragraphs 135 through 137 of the Amended Complaint.

62. Paragraph 138 and 139 Complaint alleges matters which require neither an admission nor denial on Defendants' part.

63. Defendants deny the allegations in paragraphs 140 and 141 of the Amended Complaint.

64. Paragraph 142 amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

65. Paragraphs 143 and 144 of the Amended Complaint state legal conclusions. Defendants allege that the terms of the Guaranty speak for themselves and are the best evidence of the terms of the parties' agreement.

66. Defendants deny the allegations in paragraphs 145 through 147 of the Amended Complaint.

67. Paragraph 148 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

68. Paragraphs 149 through 153 of the Ame3nded Complaint state legal conclusions. Defendants allege that the terms of the Assignment and Assumption Agreement speak for themselves and are the best evidence of the terms of the parties' agreement.

69. Defendants deny the allegations in paragraphs 154 through 156 of the Amended Complaint.

70. Paragraph 157 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

71. Paragraph 158 of the Amended Complaint states a legal conclusion. To the extent necessary, defendants deny the allegations in paragraph 158.

72. Defendants deny the allegations in paragraphs 159 through 161 of the Amended Complaint.

73. Paragraph 162 of the Amended Complaint alleges matters which require neither an admission nor denial on Defendants' part.

74. Defendants deny the allegations in paragraph 163 of the Amended Complaint.

75. Defendants deny each and every allegation in the Amended Complaint unless expressly admitted hereinabove.

**FIRST DEFENSE**

76. The Court lacks personal jurisdiction over Defendant Chelednik Family Trust.

**SECOND DEFENSE**

77. Venue in this district is improper.

**THIRD DEFENSE**

78. The Complaint fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

79. Plaintiffs' claims are barred by waiver, ratification and estoppel.

**FIFTH DEFENSE**

80. Plaintiffs do not have clean hands and are not entitled to equitable relief.

**SIXTH DEFENSE**

81. The alleged covenant not to compete is an unlawful restraint of trade and is not enforceable.

**SEVENTH DEFENSE**

82. Plaintiffs have commenced a separate action in the Courts of the Commonwealth of Pennsylvania against Pilot and All American Properties, Inc. seeking to enforce the alleged covenant not to compete. This Court should therefore stay or dismiss the present action and defer to the Pennsylvania court to the extent Plaintiffs seek to enforce the covenant.

**JURY DEMAND**

83. Defendants demand trial by jury on all issues of fact triable to a jury.

WHEREFORE, Defendants pray that the action be dismissed, that judgment be entered dismissing Plaintiffs' claims, that Defendants be awarded their costs, and that Defendants have all other relief of every nature to which they may otherwise be entitled.

DATED: October 28, 2009

Respectfully submitted,

**WINDLE, HOOD, ALLEY, NORTON, BRITTAIN & JAY, LLP**
Chase Tower, Suite 1350
201 East Main Drive
El Paso, Texas 79901
915.545.4902
915.545.4911 (Fax)
hood@windlehood.com

By: */s/ Joseph L. Hood, Jr.*
**JOSEPH L. HOOD, JR.**
Texas Bar No. 09943250
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2009, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF System, which will give notice of the filing to Richard Bonner, Mark N. Osborne, and Jeanne C. Collins, Kemp Smith LLP, P.O. Box 2800, El Paso, Texas 79999-2800.

>*/s/ Joseph L. Hood, Jr.*
>**JOSEPH L. HOOD, JR.**